ACCEPTED
03-16-00131-CV
11039488
THIRD COURT OF APPEALS
AUSTIN, TEXAS
6/8/2016 1:16:05 PM
JEFFREY D. KYLE
CLERK

## NO. 03-16-00131-CV

IN THE COURT OF APPEALS
THIRD JUDICIAL DISTRICT OF TEXAS
AT AUSTIN

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
6/8/2016 1:16:05 PM
JEFFREY D. KYLE
Clerk

Mary Louise Serafine,
*Appellant*

v.

Alexander Blunt, Ashley Blunt;
Scott Lockhart, Austin Drainage and Foundation, LLC
D/B/A Austin Drainage and Landscape Development;
Viking Fence Company, Ltd.; and Viking GP, LLC,
*Appellees.*

**RESPONSE BY APPELLEES ALEXANDER AND ASHLEY BLUNT
TO APPELLANT'S MOTION FOR IMMEDIATE STAY,
MOTION TO COMPEL, AND
REQUEST FOR EXPEDITED RELIEF**

**AND CROSS-MOTION BY APPELLEES ALEXANDER AND
ASHLEY BLUNT TO CORRECT INACCURACIES IN THE
REPORTER'S RECORD**

TO THE HONORABLE THIRD COURT OF APPEALS:

Appellees Alexander and Ashley Blunt ("the Blunts") disagree in part and agree in part with the relief requested by Appellant Serafine. As an initial matter, the Blunts **disagree** that this is an emergency matter necessitating a ruling sooner than 10 days from the date Serafine's motion

1

was filed. Beyond that, the Blunts (1) **disagree** that a "reversal and remand" of the trial court's order refusing Serafine's Amended Formal Bill of Exceptions is appropriate but **agree** to a short stay of the appellate proceedings to allow the trial court to conduct a hearing and make applicable rulings on this matter prior to appellate briefing by the parties; (2) **agree** that it is appropriate to include in the clerk's record a copy of the alleged October 13, 2015, order of the trial court if that order exists; and (3) **disagree** that this Court should order the trial court to include Serafine's Exhibit 2A in the reporter's record.

The Blunts also file a cross-motion seeking corrections to Volumes 7 and 16 of the reporter's record. All Appellees agree with the relief requested (as specified below) but Serafine does not. In accordance with Texas Rule of Appellate Procedure 34.6(e)(2)-(3), this Court may either order the court reporter to make the corrections and recertify the record, or submit the matter to the trial court for resolution. The latter could be done in connection with the hearing addressed above. The $10.00 filing fee has been submitted in connection with this cross-motion.

# I. RESPONSE TO SERAFINE'S MOTION

## A. Emergency Relief is Not Warranted:

Serafine requests that the Court rule on her Motion sooner than the ten days otherwise required. *See Motion*, pg.2. Such relief is not warranted here.

Texas Rule of Appellate Procedure 10.3(a) provides three instances allowing the Court to grant relief faster than 10 days: (1) certain motions for extension, (2) unopposed motions, and (3) emergency situations. Serafine's motion does not satisfy any of these.

Serafine has failed to demonstrate any "emergency" circumstances or any harm that she will suffer in the absence of immediate relief. To the contrary, she recognizes that the supplemental record deadlines have not yet expired, and her Appellant's brief deadline has not even begun to run. The Court should allow a sufficient time for all parties to respond and for the Court to consider their arguments before ruling.

## B. Serafine's Amended Formal Bill of Exceptions: A Ruling on the Merits of the Trial Court's Action is Not Appropriate but the Blunts Agree to a Temporary Stay.

Serafine claims that the trial court "committed reversible error" by signing a document that Serafine previously prepared and submitted for entry. The document is titled "Judge's Findings on Bill of Exception." *See*

*Motion*, pg. 10 & Ex. 5.   In it, the trial court checked a line that Serafine had provided as an option, reading "The Court declines to approve the bill," referring to the Amended Formal Bill of Exceptions filed by Serafine on May 6, 2016.[1]   Serafine asks this Court to "reverse" that "order" and "remand" with instructions for the trial court to grant her Formal Bill of Exceptions or to "comply" with Texas Rule of Appellate Procedure 33.2(c).   *See Motion*, pgs. 5, 19.

It is not appropriate for Serafine to request a preemptive ruling on the merits of the trial court's action via a pre-submission motion to this Court. The appropriate avenue for relief to correct an alleged error by the trial court is an appellant's brief on the merits.[2]   Thus, a "reversal and remand" is premature at this juncture.   *See* Tex. R. App. P. 43.1.   Moreover, even if the merits were considered at this time, the Blunts disagree that the trial court committed reversible error by entering this "finding" as requested by Serafine.

That said, the Blunts will agree to a temporary stay of the appeal so that a hearing in the trial court may be conducted on Serafine's Amended Formal

---

[1]     The court crossed out the typed word "refuses" and replaced it with "declines."

[2]     Serafine also raises the possibility of mandamus relief.   *See Motion*, pg. 4. The Blunts express no opinion at this time about whether that would be an appropriate remedy.   The Blunts reserve their right to respond on the merits if Serafine should file a petition for writ of mandamus in the future.

4

Bill of Exception and related matters. Although the Blunts disagree with the relief Serafine ultimately requests via her Amended Bill, and further contend that Serafine has not followed proper procedure in this Court or the trial court, the Blunts believe it will serve the interests of judicial economy to temporarily stay the appeal and allow for a hearing now, prior to briefing on the merits by the parties.

For these reasons, the Blunts respectfully pray that the Court deny Serafine's motion to the extent it requests a ruling on the merits or any order instructing the trial court about how to rule on Serafine's Amended Formal Bill of Exceptions, and grant Serafine's motion to the extent is seeks a temporary stay of the appeal. The Blunts suggest that the stay be granted for 45 days to allow for conclusion of the applicable proceedings, with the requirement that Serafine file a status report and motion to continue the stay if the procedures are not complete by that time.

## C.    Missing Order: If it Exists, it May be Included.

Serafine claims that on the first day of trial (October 13, 2015), the trial court hand-circulated to counsel a copy of an order ruling on the parties' motions in limine and other evidentiary matters but that a copy of this October 13 order was never filed in the record. *See Motion*, pg. 12-13. Serafine asks this Court to order the trial court clerk to include the order in

the record. *Id.*, pg. 27.

To the extent the October 13, 2015, order actually exists, the Blunts have no objection to it being included in the Clerk's Record. This Court may order the trial court clerk to prepare, certify, and file in this Court a supplemental Clerk's Record containing the omitted item if it exists. Tex. R. App. P. 33.5(c)(1).

**D.  Exhibit 2A:  This Court Should Not Order it to be Included in the Record.**

Serafine's final request is that this Court order the court reporter to include a copy of Serafine's Exhibit 2A in the record. *See Motion*, pg. 28. The Blunts oppose such relief because the face of the record demonstrates that Exhibit 2A was properly excluded by the trial court. In any event, her request overlaps with relief sought in her Amended Formal Bill of Exceptions in the trial court.

At trial, Serafine's counsel plainly stated on the record that his offer to admit Exhibit 2A was withdrawn and that he understood it was not admitted into evidence. (9.RR.134). Serafine made no offer of proof to have a copy of this excluded exhibit included in the record for appeal. The trial court even invited a specific offer of proof to be made but Serafine failed to do so in regard to your Exhibit 2A. (10.RR.13-15). On this record, there is no basis to order the court reporter to include Exhibit 2A in the record.

In any event, Serafine seeks inclusion of this document as part of her Amended Formal Bill of Exceptions. *See Motion*, Exhibit 1, pg. 5. As such, the trial court can rule on this issue at a hearing under Rule 33.2, as addressed above.[3] There is no need for this Court to make a preemptive ruling or instruct the trial court how it should rule on this matter at the appropriate time. The Blunts respectfully request that this Court deny this portion of Serafine's motion.

## II. BLUNTS' CROSS MOTION

The Reporter's Record contains seven inaccuracies in need of correction. These inaccuracies appear in Volume 16, which is the exhibit volume to the September 25, 2015, hearing on Serafine's Motion for Sanctions, the transcript of which is contained in Volume 7.

The inaccuracies with the exhibits in Volume 16 are apparent from the face of the record in Volume 7. The Blunts seek correction of Volume 16 (to the actual exhibits and the exhibit index) and Volume 7 (the exhibit index) to accurately reflect what transpired at the hearing, as follows:

- **Counter-Plaintiff's Exhibit 1** (Serafine's Deposition Notice) was excluded from evidence. (*See* 7.RR.101-102). However, the court reporter mistakenly included a copy of it in the record (without noting it on the exhibit index at all). (*See* 7.RR.4;

---

[3] Alternatively, if the trial court's "finding" that the Amended Bill should be declined were considered a "ruling," then this is a matter to address in Appellant's Brief on the merits.

16.RR.3, 5-6). The record should be corrected to remove the copy of Counter-Plaintiff's Exhibit 1 from Volume 16.

- **Plaintiff's Exhibit 2** (2/4/12 hearing transcript with exhibits) and **Exhibit 3** (excerpts from Alexander Blunt's deposition) were excluded from evidence and allowed in the record only for purposes of an informal bill of exceptions (aka, offer of proof). (*See* 7.RR.9-10, 19-21, 93-95). However, the exhibit index does not reflect Exhibit 3 at all, and does not qualify that Exhibits 2 and 3 were included in the record only as part of the informal bill of exceptions. (*See* 7.RR.4; 16.RR.3). These inaccuracies should be corrected by adding Exhibit 3 to the exhibit index, and adding the qualifying phrase "(Bill of Exceptions)" after both Exhibits 2 and 3 (as the court reporter did for Exhibits 7-12).

- **Plaintiff's Exhibit 6** (attorney's fee records) was excluded from evidence and was <u>not</u> included part of Serafine's informal bill of exceptions. (*See* 7.RR.28-31, 93-96). However, the court reporter incorrectly included a copy of Exhibit 6 in the record. (*See* 16.RR.89-129). This should be corrected by removing Exhibit 6 from Volume 16 altogether.

- **Plaintiff's Exhibit 7** (attorney's fee summary) and **Exhibit 9** (log of hours for Ray Bass) were excluded from evidence and were <u>not</u> included as part of Serafine's informal bill of exceptions. (*See* 7.RR,31-32, 93-96). However, the court reporter incorrectly included copies of Exhibits 7 and 9 in the record, and listed them as part of Serafine's "Bill of Exceptions." (*See* 7.RR.4; 16.RR.3, 130-131, 148-154). This should be corrected by removing Exhibits 7 and 9 from Volume 16 altogether, and removing the designation of "Bill of Exceptions" from the exhibit index.

- **Plaintiff's Exhibit 8** (invoice for services) was admitted into evidence. (*See* 7.RR.43). However, the court reporter inaccurately described it in the exhibit index as being part of the bill of exceptions. (*See* 7.RR.4; 16.RR.3). This should be corrected by removing that qualification from the exhibit index.

Counsel for the Blunts emailed all parties to confer about these inaccuracies and seek their agreement to correct them via a joint motion to this Court without the need to recertify the record. *See* Tex. R. App. P. 34.6(e)(1). Counsel for all Appellees (Scott Lockhart; Austin Drainage and Foundation, LLC d/b/a Austin Drainage and Landscape Development; Viking Fence Company, Ltd.; and Viking GP, LLC) agreed to the requested corrections. After two weeks, pro se Appellant Serafine ultimately responded that she did not agree to the corrections and was "not unopposed" to the relief requested in the Blunts' cross-motion.

Thus, the Blunts respectfully request that this Court either (1) order the court reporter to make the corrections noted above and recertify the record, or (2) submit the matter to the trial court for resolution. *See* Tex. R. App. P. 34.6(e)(2)-(3). If this Court does the latter and decides to stay the appeal for a hearing as addressed above, both matters could be addressed simultaneously.

### III. PRAYER

The Blunts respectfully pray in response to Serafine's Motion that it be denied in part and granted in part. As addressed above, this is not an appropriate juncture for the Court to make any ruling on the merits of any action by the trial court. Thus, Serafine's premature requests for such

9

rulings should be denied.   However, the Blunts will agree to stay the appeal for a short period to allow for a hearing in the trial court on these and related matters.

The Blunts further pray that the Court grant their Cross-Motion in full and either order the court reporter to correct Volumes 7 and 16 of the reporter's record, or submit this matter to the trial court for resolution.

Respectfully submitted,

MARTENS, TODD, LEONARD, TAYLOR & AHLRICH

By:  */s/ Amanda G. Taylor*
Amanda Taylor
ataylor@textaxlaw.com
State Bar No. 24045921
301 Congress Ave., Suite 1950
Austin, Texas 78701
Telephone:   (512) 542-9898

ATTORNEY FOR APPELLEES ALEXANDER AND ASHLEY BLUNT

**CERTIFICATE OF CONFERENCE**

As required by Texas Rule of Appellate Procedure 10.1(a)(5), I certify that counsel for Appellant has conferred with all counsel listed below about the merits of the Blunts' Cross-Motion.   Counsel for all Appellees agree to the corrections of the reporter's record sought by the Blunts.   Appellant Serafine is "not unopposed" to the relief requested.

*/s/ Amanda G. Taylor*
Amanda G. Taylor

10

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Response and Cross-Motion has been electronically filed and served on all counsel below on June 8, 2016.   *See* Tex. R. App. P. 9.2(c)(1), 9.5(b)(1).

Mary Louise Serafine, Esq.
P.O. Box 4342
Austin, Texas 78765
mlserafine@gmail.com
*Appellant, Pro Se*

Ronald M. Raydon
LAW OFFICE OF RONALD MAX RAYDON
1718 Fry Road, Suite 450
Houston, Texas 77084
ron@raydonlaw.com
*Counsel for Appellees Scott Lockhart and*
*Austin Drainage & Foundation, LLC*

Sara B. Churchin
Wade C. Crosnoe
THOMPSON COE COUSINS & IRONS, LLP
701 Brazos Street, Suite 1500
Austin, Texas 78701
schurchin@thompsoncoe.com
wcrosnoe@thompsoncoe.com
*Counsel for Appellees Viking Fence*
*Company, Ltd. and Viking GP, LLC*

*/s/ Amanda G. Taylor*
Amanda G. Taylor